IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: WILLIAM & DOROTHY WOLFE,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>) | CASE NO. 05-74781<br><br>CHAPTER 13 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, BY AND<br>THROUGH ITS SERVICER,<br>COUNTRYWIDE HOME LOANS, AS<br>SERVICER FOR SOUTHSTAR FUNDING,<br>DBA CAPITAL HOME MORTGAGE,<br>　　　　Movant<br><br>v.<br><br>WILLIAM & DOROTHY WOLFE,<br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MOTION FOR RELIEF FROM<br>AUTOMATIC STAY |

## MEMORANDUM DECISION

The matter before the Court is the Motion for Relief from the Automatic Stay ("Motion for Relief") filed by Mortgage Electronic Registration Systems (hereinafter referred to as "MERS"), by and through its servicer, Countrywide Home Loans (hereinafter referred to as "Countrywide") requesting relief from the automatic stay to proceed with an unlawful detainer action against the Debtors in Virginia state court. The particular question raised by the Debtors' opposition to the Motion for Relief is whether the failure of the foreclosing deed of trust trustee and the purchaser to execute a memorandum of sale at the time of the foreclosure sale and prior to the filing of the Debtors' bankruptcy petition prevented the foreclosure from effectively extinguishing the Debtors' rights in the property so that the property foreclosed upon remains

property of the estate pursuant to 11 U.S.C. § 541(a)(1). For the reasons noted below, the Court orders that a final evidentiary hearing be held upon the Motion.

## FINDINGS OF FACT

The Debtors, William Ray Wolfe and Dorothy Haupt Wolfe, filed Chapter 13 bankruptcy on October 12, 2005. On November 1, 2005, Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"), which represented that it conducted a foreclosure sale of the Debtors' property on October 11, 2005, filed a Motion for Relief from the Automatic Stay requesting the Court enter an order terminating the automatic stay as to enable MERS to avail itself of state law procedures to record the Substitute Trustee's Deed and obtain possession of the Debtors' property and scheduled it for hearing on November 21, 2005. Attached as an exhibit to the Motion was a copy of the Deed of Trust dated March 21, 2005 securing MERS. MERS alleged that the successful bid purchaser at the foreclosure sale acquired equitable title in the property, but was stayed from recording the Deed and evicting the Debtors because of the Debtors filing bankruptcy the day after the foreclosure sale. Further, MERS argued that the Debtors had no legal or equitable ownership in the property because the foreclosure sale had already occurred.

On November 2, 2005, Countrywide Home Loans (hereinafter referred to as "Countrywide"), as the servicer for the same deed of trust loan dealt with in MERS's motion, filed a second Motion for Relief from the Automatic Stay. The Substitute Trustee's Deed, executed October 25, 2005, from Equity Trustees, LLC, the substitute trustee under the March 21, 2005 Deed of Trust, to Deutsche Bank National Trust Company, on behalf of a specified mortgage pass-through trust (herein after referred to as "Deutsche Bank"), was filed as part of

2

Countrywide's Motion for Relief. This Motion alleged that the movant, Countrywide, was the owner of the property as a result of the foreclosure sale held on October 11, 2005. Countrywide allegedly foreclosed on the property and purchased it for $105,435.58. These assertions, however, were not supported by the Substitute Trustee's Deed attached to the Motion, which stated that Deutsche Bank purchased the property at the foreclosure sale for $105, 435.58. On November 3, 2005, a deficiency order was entered directing Countrywide to contact the Clerk's Office to obtain a hearing date and then file a Notice of Hearing and Certificate of Service.

On November 9, 2005, the Debtors filed a response asserting that MERS did not conduct the foreclosure sale in accordance with the terms of the Deed of Trust and alleging that MERS was adequately protected because equity existed in the property and the Debtors were able to make monthly payments as required by the Deed of Trust and cure the arrearage.

Countrywide filed on November 15 a Notice of Hearing and Certificate of Service as directed by the November 3rd deficiency order scheduling the Motion for Relief for hearing on December 5, 2005.

On November 18, 2005, the Debtors filed a Motion to Continue the hearing on MERS's Motion for Relief scheduled for November 21, 2005. Debtors' counsel did not serve the Motion to Continue on MERS's counsel. Instead, he served the Motion on Countrywide's counsel. An order endorsed by both Debtors' counsel and MERS's counsel granting the Motion to Continue was entered on November 21, 2005 continuing the hearing on MERS's Motion for Relief to December 5, 2005.

On December 2, 2005, the Debtors filed an amended response to MERS's Motion for Relief alleging, in addition to the assertions made in the response filed on November 9, 2005,

3

that the foreclosure sale was not conducted in accordance with state law and arguing that the Debtors should be allowed to conduct discovery to determine the validity of this issue. The Debtors also asserted that the property remained property of the bankruptcy estate because the foreclosure sale was not completed in that no deed evidencing the sale was made prior to the Debtors filing bankruptcy.

On December 5, 2005, both Motions for Relief came on for hearing. Local counsel for MERS and local counsel for Countrywide agreed that MERS would tender an order withdrawing its Motion for Relief. The Court heard arguments from Debtors' counsel and local counsel for Countrywide. Debtors' counsel argued a foreclosure sale is not completed under Virginia law until a memorandum of sale is filed satisfying the statute of frauds. He reasoned that the foreclosure sale was not completed prior to the Debtors filing bankruptcy because a memorandum of sale had not been filed. Relying on the Substitute Trustee's Deed filed with Countrywide's Motion, Debtors' counsel asserted that Countrywide did not have standing to seek relief from the automatic stay because the property had been sold to Deutsche Bank. In responding to these arguments, local counsel for Countrywide relied on the March 21, 2005 Deed of Trust that had been filed as an exhibit to MERS's Motion for Relief and on the Substitute Trustee's Deed filed as part of Countrywide's Motion. Countrywide's counsel asked the Court to award compensation as adequate protection for the continued occupation of the subject property subsequent to the foreclosure sale and until the determination of its Motion. The Court took Countrywide's Motion for Relief under advisement and gave the parties until December 9, 2005 to file written arguments.

On January 10, 2006, the Court requested definite information as to whether or not

a memorandum of sale was executed between the foreclosing deed of trust trustee and the purchaser at the time of the foreclosure sale and prior to the filing of the Debtors' bankruptcy petition. On the same date, the Court entered an order providing that the automatic stay would remain in full force and effect pending further Court Order.

In a letter dated January 27, 2006, local counsel for Countrywide advised the Court that no memorandum of sale was executed. Despite this fact, Countrywide argued that the foreclosure sale is valid because the statute of frauds can be overcome by evidence of an oral agreement definite in terms, citing in support of this contention the case of *Beach v. Virginia National Bank,* 235. Va. 376 (1988). Its counsel asserted that the Substitute Trustee's Deed contains the terms of the agreement between the substitute trustee and the purchaser and thus evidences the oral agreement between the parties. Additionally, Countrywide argued that the Debtors do not have standing to object to any lack of a memorandum of sale between the substitute trustee and the purchaser of the property, reasoning that once the auctioneer's gavel fell at the foreclosure sale, the Debtors no longer had any equitable interest in the property.

Further complication has been provided by the substitution of the Debtors' current counsel for the original attorney who filed their petition on their behalf, and the facts that their original counsel obtained from the Court on October 28, 2005 an order granting them until November 11, 2005 to file a proposed chapter 13 plan, their failure to do so until January 19, 2006, the failure of such plan finally filed to make any provision whatsoever for their mortgage obligation, and the express language of the plan stating that the Debtors would make no direct payments to any secured creditors.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of motions to terminate, annul or modify the automatic stay is a "core" bankruptcy matter pursuant to 11 U.S.C. § 157(b)(2)(G). Determination of whether particular property is property of the bankruptcy estate is likewise a "core" bankruptcy matter pursuant to 11 U.S.C. § 157(b)(2)(A) and (O).

In a previous unpublished decision[1] the undersigned declined to follow prior precedent[2] of this Court which could be interpreted as holding that a foreclosure sale under Virginia law which had taken place but for which the deed to the purchaser had not been recorded at the time of the mortgagor's bankruptcy filing was not final for bankruptcy purposes and therefore the subject property remained property of the bankruptcy estate. That decision (*In re Doss)* determined that documentation constituting a sufficient memorandum of sale had been established by the evidence in that case.

> Accordingly, the Court need not reach the issue of whether a foreclosure sale is complete upon the "fall of the hammer" in the absence of a memorandum of sale as held by Judge Bonney in *In re Cole* [88 B.R. 763 (Bankr. E.D. Va. 1988)], or that the absence of a memorandum of sale can only be contested by the purchaser or trustee and not the grantor of the deed of trust as also held by Judge Bonney in *In re Cole*, which cited *Drake v. Rhodes*, 46 So. 769, 770 ([Ala.] 1908) for its holding that only the mortgagee and purchaser can take advantage of the omission of a memorandum satisfying the statute of frauds.

*In re Doss*, slip. op. at 7. The need for reaching one or both of such issues may have arrived in the

---

[1] *In re Doss*, No. 00-03819 (Bankr. W.D. Va. Mar. 19, 2001).

[2] *In re Chitwood*, 54 B.R. 396 (Bankr. W.D. Va. 1985).

6

case now before the Court. At this point it appears that a traditional memorandum of sale was never prepared with respect to the Wolfe foreclosure sale, although Countrywide has offered a photocopy of a "computer screenshot", the origin of which is not at this point known to the Court, confirming the sale to the mortgagee. In view of the rather confused pleading and procedural history of this matter, including particularly the filing of two motions for relief by different law firms for the same property and the same ultimate party in interest, the inconsistency between Countrywide's Motion for Relief and the contents of the photocopy of the foreclosure deed attached to it, and the reliance by Debtors' counsel at the hearing as his principal ground for objection, the asserted lack of any memorandum of sale signed prior to the filing of the bankruptcy petition, which had not been raised in the responsive pleadings to the first motion for relief filed, the Court believes that it is appropriate to make certain that both the creditor (or the purchaser) and the Debtors have a fair opportunity to present at a final hearing upon the remaining motion all relevant evidence concerning the foreclosure sale and its alleged deficiencies. Thereby the Court will be in a position to make findings of fact in which it has confidence before it makes the conclusions of law flowing from such facts.

Due to the extended delay required to resolve this thicket, the denial of relief to the mortgagee and to the purchaser until the motion has been resolved, and the advantage to the Debtors in being allowed to continue to live in residential property in which they may have no actual remaining legitimate interest, the Court concludes that they should be responsible to pay the Movant interest, as calculated below, as a form of compensation for continued use and enjoyment of the property from the date of the foreclosure sale (October 11, 2005) until the date of determination of such motion.

| Foreclosure sale purchase price | $105,435.58 |
| --- | --- |
| Legal Rate of Interest[3] | 6% |
| Annual Interest on Purchase Price | $6,326.13 |
| Per Diem Interest | $17.33 |
|  |  |
| Interest from 10/11/05 to 1/31/06 | $1,941.17 |
| Interest from 2/1/06 to 2/28/06 | $485.24 |
| Interest from 3/1/06 to 3/31/06 | $537.23 |

In the event the mortgagee's position is sustained, such amount shall be paid over to the Movant. If the Debtors' position is sustained, such money will constitute part of the funds necessary for them to cure the post-filing payments which will be due to the mortgagee. By separate order the Court will direct that the Debtors deposit such required payments in their counsel's trust account to be held by him in escrow pending a final hearing and determination of the instant motion and will order the Debtors to file an amended plan making express provision for the mortgage obligation which they are seeking to reinstate by their opposition to the Motion for Relief which has been filed.

An order in accordance with the provisions of this Memorandum Decision shall be entered contemporaneously herewith.

This 13th day of February, 2006.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

---

[3] Per Va. Code § 6.1-330.54 (Supp. 2005).

8