IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: WILLIAM & DOROTHY WOLFE, | ) ) | CASE NO. 05-74781 |
| Debtors. | ) ) ) ) | CHAPTER 13 |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, BY AND THROUGH ITS SERVICER, COUNTRYWIDE HOME LOANS, AS SERVICER FOR SOUTHSTAR FUNDING, DBA CAPITAL HOME MORTGAGE, Movant | ) ) ) ) ) ) ) ) | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| v. | ) ) ) | |
| WILLIAM & DOROTHY WOLFE, Respondents. | ) ) | |

## MEMORANDUM DECISION

The matter before the Court is the Motion for Relief from the Automatic Stay ("Motion for Relief") filed by Mortgage Electronic Registration Systems (hereinafter referred to as "MERS"), by and through its servicer, Countrywide Home Loans (hereinafter referred to as "Countrywide") requesting relief from the automatic stay to proceed with an unlawful detainer action against the Debtors in Virginia state court. The particular question raised by the Debtors' opposition to the Motion for Relief is whether the failure of the foreclosing deed of trust trustee and the purchaser to execute a memorandum of sale at the time of the foreclosure sale and prior to the filing of the Debtors' bankruptcy petition prevented the foreclosure from effectively extinguishing the Debtors' rights in the property so that the property foreclosed upon remains

property of the estate pursuant to 11 U.S.C. § 541(a)(1). For the reasons noted below, the Court concludes that the Motion for Relief should be denied.

FINDINGS OF FACT

The Debtors, William Ray Wolfe and Dorothy Haupt Wolfe, filed Chapter 13 bankruptcy on October 12, 2005. On November 1, 2005, Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"), which represented that it conducted a foreclosure sale of the Debtors' property on October 11, 2005, filed a Motion for Relief from the Automatic Stay requesting the Court enter an order terminating the automatic stay as to enable MERS to avail itself of state law procedures to record the Substitute Trustee's Deed and obtain possession of the Debtors' property and scheduled it for hearing on November 21, 2005. Attached as an exhibit to the Motion was a copy of the Deed of Trust dated March 21, 2005 securing MERS. MERS alleged that the successful bid purchaser at the foreclosure sale acquired equitable title in the property, but was stayed from recording the Deed and evicting the Debtors because of the Debtors filing bankruptcy the day after the foreclosure sale. Further, MERS argued that the Debtors had no legal or equitable ownership in the property because the foreclosure sale had already occurred.

On November 2, 2005, Countrywide Home Loans (hereinafter referred to as "Countrywide"), as the servicer for the same deed of trust loan dealt with in MERS's motion, filed a second Motion for Relief from the Automatic Stay. The Substitute Trustee's Deed, executed October 25, 2005, from Equity Trustees, LLC, the substitute trustee under the March 21, 2005 Deed of Trust, to Deutsche Bank National Trust Company, on behalf of a specified mortgage

pass-through trust (herein after referred to as "Deutsche Bank"), was filed as part of Countrywide's Motion for Relief. This Motion alleged that the movant, Countrywide, was the owner of the property as a result of the foreclosure sale held on October 11, 2005. Countrywide allegedly foreclosed on the property and purchased it for $105,435.58. This assertion, however, was not supported by the Substitute Trustee's Deed attached to the Motion, which stated that Deutsche Bank purchased the property at the foreclosure sale for $105, 435.58. On November 3, 2005, a deficiency order was entered directing Countrywide to contact the Clerk's Office to obtain a hearing date and then file a Notice of Hearing and Certificate of Service.

On November 9, 2005, the Debtors filed a response asserting that MERS did not conduct the foreclosure sale in accordance with the terms of the Deed of Trust and alleging that MERS was adequately protected because equity existed in the property and the Debtors were able to make monthly payments as required by the Deed of Trust and cure the arrearage.

Countrywide filed on November 15 a Notice of Hearing and Certificate of Service as directed by the November 3rd deficiency order scheduling the Motion for Relief for hearing on December 5, 2005.

On November 18, 2005, the Debtors filed a Motion to Continue the hearing on MERS's Motion for Relief scheduled for November 21, 2005. Debtors' counsel did not serve the Motion to Continue on MERS's counsel. Instead, he served the Motion on Countrywide's counsel. An order endorsed by both Debtors' counsel and MERS's counsel granting the Motion to Continue was entered on November 21, 2005 continuing the hearing on MERS's Motion for Relief to December 5, 2005.

On December 2, 2005, the Debtors filed an amended response to MERS's Motion for Relief alleging, in addition to the assertions made in the response filed on November 9, 2005, that the foreclosure sale was not conducted in accordance with state law and arguing that the Debtors should be allowed to conduct discovery to determine the validity of this issue. The Debtors also asserted that the property remained property of the bankruptcy estate because the foreclosure sale was not completed in that no deed evidencing the sale was made prior to the Debtors filing bankruptcy.

On December 5, 2005, both Motions for Relief came on for hearing. Local counsel for MERS and local counsel for Countrywide agreed that MERS would tender an order withdrawing its Motion for Relief. The Court heard arguments from Debtors' counsel and local counsel for Countrywide. Debtors' counsel argued a foreclosure sale is not completed under Virginia law until a memorandum of sale is filed satisfying the statute of frauds. He reasoned that the foreclosure sale was not completed prior to the Debtors filing bankruptcy because a memorandum of sale had not been filed. Relying on the Substitute Trustee's Deed filed with Countrywide's Motion, Debtors' counsel asserted that Countrywide did not have standing to seek relief from the automatic stay because the property had been sold to Deutsche Bank. In responding to these arguments, local counsel for Countrywide relied on the March 21, 2005 Deed of Trust that had been filed as an exhibit to MERS's Motion for Relief and on the Substitute Trustee's Deed filed as part of Countrywide's Motion. Countrywide's counsel asked the Court to award compensation as adequate protection for the continued occupation of the subject property subsequent to the foreclosure sale and until the determination of its Motion. The Court took Countrywide's Motion for Relief under advisement and gave the parties until December 9, 2005

to file written arguments.

On January 10, 2006, the Court requested definite information as to whether or not a memorandum of sale was executed between the foreclosing deed of trust trustee and the purchaser at the time of the foreclosure sale and prior to the filing of the Debtors' bankruptcy petition. On the same date, the Court entered an order providing that the automatic stay would remain in full force and effect pending further Court Order.

Further complication has been provided by the substitution of the Debtors' current counsel for the original attorney who filed their petition on their behalf, and the facts that their original counsel obtained from the Court on October 28, 2005 an order granting them until November 11, 2005 to file a proposed chapter 13 plan and that the Debtors' current counsel was granted an extension on December 2, 2005 to file a chapter 13 plan by November 23, 2005. Despite the extensions, the Debtors did not file a chapter 13 plan until January 19, 2006. The plan proposed for the Debtors to make their regular mortgage payments to Countrywide and to cure the mortgage arrearage through plan payments to the Chapter 13 Trustee.[1]

In a letter dated January 27, 2006, local counsel for Countrywide advised the Court that no memorandum of sale was executed. Despite this fact, Countrywide argued that the foreclosure sale is valid because the statute of frauds can be overcome by evidence of an oral agreement definite in terms, citing in support of this contention the case of *Beach v. Virginia National Bank*, 235. Va. 376 (1988). Its counsel asserted that the Substitute Trustee's Deed

---

[1] The Memorandum Decision and Order entered by the Court on February 13, 2006 ordered the Debtors to file a Chapter 13 plan expressly dealing with their mortgage obligation. That portion of the Order was vacated on February 24, 2006 after it came to the Court's attention that it had reviewed a Chapter 13 plan filed January 13, 2006 rather than the plan filed on January 19, 2006.

contains the terms of the agreement between the substitute trustee and the purchaser and thus evidences the oral agreement between the parties. Additionally, Countrywide argued that the Debtors do not have standing to object to any lack of a memorandum of sale between the substitute trustee and the purchaser of the property, reasoning that once the auctioneer's gavel fell at the foreclosure sale, the Debtors no longer had any equitable interest in the property.

Based on the confused pleading and procedural history of this matter, including the filing of two motions for relief by different law firms for the same property and the same ultimate party in interest, the inconsistency between Countrywide's Motion for Relief and the contents of the photocopy of the foreclosure deed attached to it, and the reliance by Debtors' counsel at the hearing as his principal ground for objection, the asserted lack of any memorandum of sale signed prior to the filing of the bankruptcy petition, which had not been raised in the responsive pleadings to the first motion for relief filed, the Court ordered that a final evidentiary hearing be held upon Countrywide's Motion for Relief on March 27, 2006. The Court's February 13, 2006 Order also directed Countrywide to file an amended Motion for Relief and the Debtors to file a response to the amended Motion detailing the alleged sale deficiencies upon which they rely in challenging the validity of the foreclosure sale. Further, the Court ordered the Debtors to pay Countrywide interest in the amount of $2,963.64 as a form of compensation for the continued use and enjoyment of the property.[2]

---

[2] The Debtors were directed to deposit the interest payment in their counsel's trust account to be held by him in escrow pending determination of the matter.

Countrywide filed an Amended Motion for Relief on February 23, 2006 alleging sufficient written evidence of the foreclosure sale exists for the Court to find that a memorandum of sale was executed.

> There is the computer generated record of the sale results, which contain the essential terms of the foreclosure sale; i.e. the name of the buyer and the bid price. In addition, there is the executed and recorded Substitute Trustee's Deed, in which the substitute trustee, notes that the "Substitute Trustees, having been requested by the holder of the said Note so to do, in execution of the trust therein declared, on October 11, 2005, at the front steps of the Circuit Court for the City of Roanoke . . . did offer for sale the hereinafter described property at public auction . . . at which sale Grantee became the purchaser thereof for the sum of $105, 435.58 . . . ."

(Am. Mot. Relief ¶ 6.) Attached as exhibits to the Motion was a copy of the Deed of Trust dated March 21, 2005 securing MERS, the Substitute Trustee's Deed dated October 25, 2005 and a computer "screenshot". Alternatively, Countrywide urges the Court to apply the finding of *In re Cole,* 88 B.R. 763, 766 (Bankr. E.D. Va. 1998) and find that the contract between the substitute trustee and the buyer was concluded when the hammer fell, and the Debtors' interest in the property terminated on that date. Lastly, Countrywide argues its Motion can be granted even if the Court finds that the Debtors have an interest in the property because the Debtors have not made any post-petition payments and are due for the months of November 2005 through February 2006.

The Court was notified by a letter from Debtors' counsel dated February 23, 2006 that pursuant to the Court's February 13, 2006 Order, $4,400.00 was being held in trust by his office. The following day, the Debtors filed a response to Countrywide's Amended Motion for Relief asserting that the foreclosure sale was not completed until the Substitute Trustee's Deed was executed on October 25, 2005, eleven days after the bankruptcy petition was filed.

Completing the foreclosure sale after the filing of the bankruptcy petition is a nullity as it is prohibited by 11 U.S.C. § 362(a).  The Debtors urge the Court not to follow the *Cole* decision.

> A sale is complete when the trustee knocks down the land to the bidder, makes a memorandum of the sale and its terms, and signs the memorandum . . . Changing the rule so that a sale is complete when the trustee knocks down the land to the bidder, eliminates two-thirds of the prior rule in the bankruptcy court for the Western District of Virginia, even though the state courts have not changed the rule in state court precedent.

(Resp. Am. Mot. Relief 4-5.). Further, the Debtors argue Countrywide is adequately protected based on the equity in the property and their willingness and ability to make regular mortgage payments and cure the arrearage through their Chapter 13 plan.

A final evidentiary hearing was held on March 27, 2006.  Neither party presented additional evidence at that time. Accordingly, the matter was submitted to the Court for decision on the Amended Motion for Relief and the Debtors' Response to such motion.  The matter is now ready for decision.

The Court finds that sufficient evidence has not been offered by Countrywide to establish that any memorandum of sale was made prior to the Debtors filing bankruptcy. The parties agree that a traditional memorandum of sale was never prepared for the foreclosure sale at issue. The Substitute Trustee's Deed, which might have been sufficient for this purpose, was not prepared until after the bankruptcy filing had occurred.  Although Countrywide offered a copy of a "computer screenshot" which contains the name of the buyer and the bid price, Countrywide has not authenticated this document or answered the Court's questions regarding when it was created and by whom.  Consequently, the computer screenshot is not sufficient indicia of the sale to constitute a memorandum of sale.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of motions to terminate, annul or modify the automatic stay is a "core" bankruptcy matter pursuant to 11 U.S.C. § 157(b)(2)(G). Determination of whether particular property is property of the bankruptcy estate is likewise a "core" bankruptcy matter pursuant to 11 U.S.C. § 157(b)(2)(A) and (O).

The bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case."11 U.S.C. § 541(a)(1). Except for the rights of the bankruptcy trustee to enlarge the bankruptcy estate under 11 U.S.C. §§ 544, *et seq.*, the property interests which pass to the bankruptcy estate are no more extensive than those possessed by the debtor as of the date of filing. Filing bankruptcy cannot revest the debtor with property lost pre-petition by foreclosure. *See* 5 *Collier on Bankruptcy* ¶ 541.04, at 541-12 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). The debtor's interest in real property is determined by the law of the state in which the real property is located. *See Butner v. United States*, 440 U.S. 48, 52-55 (1979) (decided under the Bankruptcy Act); 5 *Collier on Bankruptcy* ¶ 541.05, at 541-15. A foreclosure sale is deemed complete so as to preclude the Debtors from rescinding the sale simply by filing a bankruptcy petition when the debtor no longer has under state law the right known as the "equity of redemption."

> Equity of redemption allows the debtor to pay the indebtedness and require the secured party to reconvey the property to him free of the deed of trust lien. Once the property is sold, the debtor's equitable interest is extinguished, unless he can show that there was some deficiency in the sale process.

9

*Abdelhaq v. Pflug,* 82 B.R. 807, 809 (E.D. Va. 1988) (citations omitted). In *Rolen v. Southwest Virginia National Bank (In re Rolen),* 39 B.R. 260, 264 (Bankr. W.D. Va. 1983), this Court stated "Virginia law appears conclusive on [when a foreclosure sale is final.] In a sale by a trustee under a Deed of Trust, the sale is complete when the trustee knocks the land down to the bidder, makes a memorandum of the sale and its terms, and signs the same." Once the auctioneer's hammer falls and he signs a memorandum of sale, the Debtors no longer possess a legal or equitable interest in the property. *Abdelhaq,* 82 B.R. at 810. At that point, the trustee under the Deed of Trust has legal title to the property and the successful bidder possesses the right to enforce the sale in equity. *Id.*

In *In re Cole,* 88 B.R. 763, 766 (Bankr. E.D. Va. 1988), the Bankruptcy Court for the Eastern District of Virginia determined that a memorandum of sale was executed pre-petition; thus completing the foreclosure sale. However, the *Cole* court went on to hold "that the [foreclosure] sale was complete even without a memorandum [of sale] under Virginia law." *Id.* This holding of the *Cole* court is contrary to the precedent of this Court. In *Bradley v. United States (In re Bradley),* 75 B.R. 198 (Bankr. W.D. Va. 1987), this Court was presented with a factual scenario similar to the matter currently before the Court. A foreclosure sale was conducted three days before the debtors filed their Chapter 13 petition. *Id.* at 199. At the time the Debtors filed bankruptcy, a memorandum of sale had not been prepared by the trustee under the deed of trust. *Id.* This Court found that under Virginia law, the foreclosure sale was not complete as of the date the bankruptcy petition was filed.

> The Memorandum of Sale was not prepared and signed by the trustee prior to the filing of the petition. More importantly, the trustee did not make and record a deed evidencing the sale prior to the filing of the petition by the

10

>Debtors. Therefore, even under the laws of Virginia the sale was not finalized and the Debtors retained an interest in the property when they filed their Chapter 13 petition. . . .

*Id.* (citations omitted). Consequently, the debtors' interest in the property became property of the bankruptcy estate and the debtors were permitted to provide for payments to the mortgagee under their Chapter 13 plan. *Id.*

This Court concludes that the *Bradley* decision is consistent with the district court's decision in *Abdelhaq* and, therefore, will follow the precedent of this Court. In doing so, however, it acknowledges that it has found no Virginia state court decision which states at which precise point in the foreclosure sale process the mortgagor loses the right to redeem his property from the lien of the deed of trust by tendering the amount owing to the mortgagee.[3] Having found that a memorandum of sale was not executed prior to the Debtors filing bankruptcy, the Court concludes that the foreclosure sale was not complete when the Debtors filed bankruptcy. No evidence has been presented that the making of such a memorandum of sale was not within the power of the foreclosing trustee and Countrywide, the secured party.[4] The Movant has had the benefit of several months of time to produce appropriate evidence that something amounting to a memorandum of sale was made prior to the bankruptcy filing and has utterly failed to do so. Accordingly, the Debtors possessed an interest in the property, the equity of redemption, at the

---

[3] *Michie's Jurisprudence* cites *Law v. Meadows*, 46 S.E.2d 449 (W.Va. 1948) for the rule adopted in West Virginia that a right of redemption continues until the secured debt has been satisfied. *See* 13A *Michie's Jurisprudence,* Mortgages and Deeds of Trust, § 180, at n.9 (2003).

[4] In fact the early Virginia decision of *Brent v. Green*, 33 Va. (6 Leigh) 16, 27-28 (1835) held that a valid memorandum of sale can be made by the auctioneer alone as the joint agent of the seller and the purchaser which is sufficient even without the purchaser's own signature. *See also Holston v. Pennington*, 304 S.E.2d 287, 291 (Va. 1983)(applying *Brent v. Green*).

11

time they filed their bankruptcy petition and the property became part of their bankruptcy estate under 11 U.S.C. § 541(a)(1). From this it follows, that the automatic stay imposed by 11 U.S.C. § 362 attached to the property; thus preventing Countrywide from completing the foreclosure sale post-petition. An order denying the Countrywide's Motion for Relief will be entered contemporaneously with the signing of this decision.

This 30th day of March, 2006.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE